

**FILED & ENTERED**

**MAY 19 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Chantilly Road, LLC,<br><br><br><br>Debtor. | Case No.: 8:24-bk-13197-SC<br><br>CHAPTER 11<br><br>**ORDER (1) SUA SPONTE ABSTAINING; (2) DISMISSING CHAPTER 11 CASE; AND (3) VACATING RELATED HEARING**<br><br>Date:    May 22, 2025<br>Time:    11:00 a.m.<br>Courtroom: 5C |

The Court has considered the Motion to Dismiss Case Pursuant to 11 U.S.C. Section 1112(b)(1) [Dk. 29] (the "Motion to Dismiss") filed on January 14, 2025 by CSPRF 2, LLC ("Creditor"), the Opposition to Motion to Dismiss [Dk. 75] filed on February 21, 2025 by Chantilly Road, LLC ("Debtor"), the Notice of Joinder in Debtor's Opposition to Motion to Dismiss [Dk. 76] filed by creditors Creative Art Partners, LLC, Martin Simone, Simone & Roos, LLP, Macoy Capital Mortgage, LLC, and Allstate Lending Group, Inc., and the Reply to Debtor's Opposition to Motion to Dismiss Case Pursuant to 11 U.S.C. Section 1112(b)(1) [Dk. 77], and the docket as a whole, and has determined that this matter is appropriate for disposition without a hearing.  Based upon

the documents and pleadings filed in this case and the record as a whole, and for good cause shown, the Court finds that this case is appropriate for the Court to exercise its discretion to ABSTAIN, DISMISS this chapter 11 case and VACATE the hearing on the Motion to Dismiss.

## I.     Introduction

A voluntary case is commenced by the filing of a bankruptcy petition by an entity that may be a debtor. 11 U.S.C. § 301.  State law determines who has the authority to file a bankruptcy petition on behalf of a debtor. *Price v. Gurney*, 324 U.S. 100, 106-107 (1945).  Debtor's sole member, Leviathan, LLC ("Leviathan"), was formed under California state law.  California Corporations Code §§ 17704.07(b)(1) and (c)(1) vest decision-making authority in the LLC's members or managers.  The California Corporations Code further provides that consent of all members is required to act on behalf of the limited liability company outside the ordinary course of business. *See*, Cal. Corp. Code §§ 17704.07(b)(4), (c)(4).  California's Revised Uniform Limited Liability Company Act, which governs Debtor, provides that the operating agreement governs the relations of its members and the activities of the limited liability company.

Creditor argues that the filing of Debtor's Chapter 11 petition should be dismissed because (1) Leviathan's operating agreement vests control of Debtor solely in Creditor, as Debtor's sole authorized member, and David Blatt, as Debtor's sole authorized manager; and (2) neither Creditor nor David Blatt authorized the filing of this Chapter 11 petition.  Debtor argues that Adrian Rudomin was fully authorized to file for Chapter 11 protection on behalf of Debtor because the UCC sale of the membership interests in Leviathan were invalid.

Creditor has made a sufficient showing that the bankruptcy petition was filed without proper authority.  It is this Court's view that this dispute should be adjudicated in an alternate venue (i.e., California Superior Court) based on Creditor's ability to seek relief in the State Court, in the form of an injunction, to return Chantilly Road, LLC to the

status quo ante. Accordingly, this Court permissibly ABSTAINS and this bankruptcy case should be and is DISMISSED.

## II. Analysis

### 1. Abstention is appropriate.

This Court recognizes that abstention is the exception, not the norm. *See County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959); *Eastern Airlines, Inc. v. Int'l Assoc. of Machinists & Aerospace Works (In re Ionosphere Clubs, Inc.)*, 108 B.R. 951, 954 (Bankr. S.D.N.Y. 1989). However, permissive abstention is appropriate in certain circumstance, as contemplated by 28 U.S.C. § 1334(c)(1):

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court *in the interest of justice, or in the interest of comity with State courts or respect for State law*, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1) (emphasis added).

In considering whether permissive abstention is appropriate, courts have considered one or more (not necessarily all) twelve factors. As one court notes, "[a]lthough the bankruptcy court should consider all twelve factors, one should not be beguiled into a false sense that a head count will yield the answer with mathematical certainty." *Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)*, 179 B.R. 913, 928 (Bankr. E.D. Cal. 1995). These factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issue, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*Eastport Assocs. V. City of Los Angeles*, 935 F.2d 1071, 1075 (9th Cir. 1991); *Christensen v. Tucson Estates, Inc. (In re Tucson Estate, Inc.)*, 912 F.2d 1162, 1167 (9th Cir. 1990).

The Court has considered the relevant factors and determined that the factors weigh heavily in favor of abstention. There is no question that the issues underlying Creditor's foreclosure on pledged membership interests in Leviathan involve purely state law matters and based on Creditor's ability to seek an injunction, the Court simply sees no benefit in delaying Creditor's efforts to return Chantilly Road, LLC to the status quo ante. In this Court's experienced view, an alternative proceeding beginning at the State Court level rather than the Bankruptcy Court, would lead to a faster and more cost-effective resolution for those involved.

    **2.**    **The Court makes no determination on the assertions under 11 U.S.C. § 1112(b)(1).**

Because this Court has exercised its jurisdiction to abstain, it need not, and does not, make any determination regarding the assertions in the Motion to Dismiss that there is cause for dismissal under 11 U.S.C. § 1112(b)(1).

    **III.**    **Conclusion**

In light of the foregoing, after having reviewed the Motion to Dismiss and related pleadings, and the docket as a whole, the Court finds that the relevant factors weight heavily in favor of this Court exercising its discretion to ABSTAIN, and so finds good cause to DISMISS the case and VACATE the hearings on the Motion and all remaining pending matters.

**IT IS SO ORDERED.**

Date: May 19, 2025

Scott C. Clarkson
United States Bankruptcy Judge